UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MANUEL PUPO-LEYVAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:08-cv-344-RLY-WGH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS AND
MOTION TO EXTEND TIME FOR DISCOVERY**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff Manuel Pupo-Leyvas' Motion to Compel Production of Documents and Motion to Extend Time for Discovery filed on June 3, 2009. (Docket No. 31). Defendant United States of America filed a Response to Motion to Compel on June 25, 2009. (Docket No. 36). Plaintiff filed a Reply on July 10, 2009. (Docket No. 37).

The Magistrate Judge, being duly advised, **GRANTS, in part,** and **DENIES, in part,** the Motion to Compel and **GRANTS** the Motion to Extend Time for Discovery.

**Background**

Plaintiff has brought this negligence action under the Federal Tort Claims Act ("FTCA"), U.S.C. §§ 2671-2680, for occurrences that took place while he was

incarcerated at the United States Penitentiary Terre Haute ("USP Terre Haute"). Specifically, Plaintiff claims that during his incarceration Warden Mark A. Bezy ("Bezy") and other employees of the Federal Bureau of Prisons ("BOP") created exceptionally dangerous conditions, which resulted in an unprovoked attack on Plaintiff by intoxicated inmates. This attack left Plaintiff blind in his right eye and visually impaired in his left eye. Plaintiff has alleged his injuries resulted from a thriving economy of alcohol production and consumption by inmates, understaffing of corrections officers in the BOP, and an improper assignment of Plaintiff to a BOP facility that was disproportionate to Plaintiff's detention profile.

Pursuant to FED. R. CIV. P. 26, 37(a) and Local Rule 26.2, Plaintiff argues that he is entitled to production of documents relating to the inmate production, sale, and consumption of alcohol, the understaffed prison environment at the USP Terre Haute, and documents relevant to witnesses to the assault on Plaintiff. Plaintiff argues that such documents are relevant to Plaintiff's assertion that Defendant was negligent in allowing inmates to produce and abuse alcohol. Furthermore, Plaintiff argues that these documents will reveal that the prison was understaffed, which contributed to Plaintiff's injury.

In response to Plaintiff's Motion To Compel, Defendant claims to have already produced documents relevant to Plaintiff's claims. Defendant also maintains that it does not possess responsive documents. Additionally, Defendant states that the remaining documents requested are overly broad,

unduly burdensome, or involve producing personal information relating to BOP employees or inmates, which Defendant insists it cannot disclose.

## Discussion

Under Federal Rules, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The scope of discovery is not limited to information admissible at trial; it is sufficient if the "discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1); *Chavez v. Chrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(citation omitted). In his Motion to Compel, Plaintiff seeks the discovery of several different categories of evidence.

First, Plaintiff seeks discovery of the entire 2005 Operational Review for the USP Terre Haute. Defendant argues that this Operational Review is protected from disclosure by the "deliberative process" privilege. This Magistrate Judge finds, however, that Defendant has waived the deliberative process privilege by previously disclosing a portion of the document. (*See* Defendant's Resp. To Motion to Compel at 7). To qualify for the deliberative process privilege, materials must be both predecisional in that they are antecedent to the adoption of agency policy and deliberative in that they are actually related to the process by which policies are formulated. *Enviro Tech Int'l, Inc. v. U.S. EPA,* 371 F.3d 370, 374-75 (7th Cir. 2004). It is well established that certain privileges can be waived, such as attorney-client privilege. In such an instance, if the party

asserting the privilege has acted in a manner inconsistent with the maintenance of the confidentiality of such materials, then the party has waived the privilege. *Graco Children's Products, Inc. v. Dressler, Goldsmith, Shore & Milnamow, Ltd.,* 1995 WL 360590 at *4 (N.D. Ill. 1995). Furthermore, the deliberative process privilege may be overcome where a sufficient showing of a particularized need outweighs the reasons for confidentiality. *U.S. v. Farley,* 11 F.3d 1385, 1389 (7th Cir. 1993).

While the Court concludes that Plaintiff is entitled to discovery of the 2005 Operational Review, Plaintiff's particularized need is limited to the discovery of portions of the Operational Review related to alcohol, alcohol production, and the USP Terre Haute's investigation of alcohol-related violence. Additionally, Plaintiff is entitled to a disclosure of the index to determine what portions are clearly relevant to the alcohol policies of the BOP.

Second, Plaintiff has requested production of documents related to food service. However, at this time, the Magistrate Judge is unable to discern the relevance of food service reports, policies, and usage to the issues raised in this suit. This denial is subject to the Plaintiff's right to more properly articulate how these documents may be relevant to his claims. Plaintiff may renew this motion, within ten (10) days of the date of this Order, but must provide the Court with some particularity regarding why the specific documents are relevant.

Third, Plaintiff requested all documents relating to the staffing of the BOP. This request is overly broad. Therefore, Plaintiff is only entitled to staffing

4

documents for the period of time two months prior and two months subsequent to the May 27, 2005 incident. Such documents are limited to the BOP staffing policies and actual staffing records, as they relate to the unit or area in which Plaintiff was housed and the incident occurred.

Fourth, Plaintiff's Motion to Compel seeks discovery of the personnel file of Warden Bezy. Defendant has argued that Bezy's personnel file is objectionable and is unlikely to lead to the discovery of admissible evidence. Plaintiff failed in his Reply to address how this information would be relevant to this case and what type of meaningful evidence would result from this inquiry. The Magistrate Judge finds that because Plaintiff has not properly articulated valid reasoning for this disclosure, this information need not be produced.

Fifth, Plaintiff requested the November 15, 2007 memorandum created by BOP Agency counsel. This memorandum was prepared subsequent to the commencement of litigation by Plaintiff in a related case against Bezy. Therefore, this memorandum was clearly prepared in anticipation of the pending litigation related to the same incident and is not discoverable by Plaintiff. *See U.S. v. Smith,* 502 F.3d 680, 689 (7th Cir. 2007).

Finally, in regard to the remaining information requested by Plaintiff,[1] the scope of such information shall be narrowed to include matters relevant to possession, disciplinary issues, and sanctions relating to alcohol incidents by

---

[1] Including incident reports, personal inmate information, contraband documents, and "Sallyport Reports."

5

inmates at USP Terre Haute.  Additionally, any documentation which reflects upon the measures or procedures the BOP took or should have taken to enforce inmate discipline in such an incident is also discoverable.  However, the time period will be restricted to one year prior and one year subsequent to the May 27, 2005 incident.

Plaintiff is limited to the above said documentation, and his motion is **GRANTED, in part,** and **DENIED, in part,** at this time.[2]

Plaintiff has also requested an extension of time for discovery.  Since this Court has determined that Plaintiff is entitled to additional documentation, his request to extend the time for completion of discovery is **GRANTED.**  Discovery in this matter will be extended for a period of sixty (60) days.

**SO ORDERED.**

**Dated**:  July 27, 2009

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Scott T. Bielicki
STEPTOE & JOHNSON LLP
sbielicki@steptoe.com

Suzanne Dallas Reider
STEPTOE & JOHNSON LLP
sreider@steptoe.com

James Elmer Rocap III
STEPTOE & JOHNSON LLP
jrocap@steptoe.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

---

[2] Plaintiff has also requested costs and attorney's fees associated with this Motion to Compel.  Because he has failed to demonstrate why all requests for production are pertinent to his claim, costs and attorney's fees are **DENIED.**

6